T.E. WHEELER, II
ACTING ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
AEJEAN ("ANGIE") CHA
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE
CIVIL RIGHTS DIVISION, CRIMINAL SECTION
601 D STREET NW, #5200
WASHINGTON, D.C. 20530
TELEPHONE: (202) 514-3204

WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV, SUITE 600
800 EAST PARK BOULEVARD
BOISE, IDAHO 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-9375

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br>KELLY SCHNEIDER,<br><br>       Defendant. | CR No. 17-003-S-BLW<br><br>**PLEA AGREEMENT** |

Rev. November 2015 (General)

## I.     GUILTY PLEA

**A.     Summary of Terms.**  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant, the attorney for the defendant, and the government[1] agree that the defendant will plead guilty to count one of the Indictment charging him with willfully causing bodily injury to S.N. based on S.N.'s sexual orientation, resulting in S.N.'s death, in violation of 18 U.S.C. § 249(a)(2).

This plea is voluntary and did not result from force, threats, or promises, other than any promise made in this Agreement.  Upon acceptance of the defendant's guilty plea, and the defendant's full compliance with the other terms of this agreement, the government, under Federal Rule of Criminal Procedure 11(c)(1)(B), will recommend that the defendant be sentenced to 28 years in prison to run concurrently to any state term of imprisonment imposed in *State v. Schneider*, case no. CR2016-08627, currently pending in Third Judicial District Court, Canyon County, Idaho.

**B.     Oath.**  The defendant will be placed under oath at the plea hearing.  The government may use any statement that the defendant makes under oath against the defendant in a prosecution for perjury or false statement.

## II.     WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL

The defendant waives the following rights by pleading guilty pursuant to this agreement: 1) the right to plead not guilty to the offense(s) charged against the defendant and to persist in that plea; 2) the right to a trial by jury, at which the defendant would be presumed innocent and the burden would be on the government to prove the defendant's guilt beyond a reasonable doubt; 3) the right to have the jury agree unanimously that the defendant was guilty of the offense; 4) the

---

[1] The word "government" in this Agreement refers to the United States Attorney for the District of Idaho and the Civil Rights Division.

**Plea Agreement**                    1                    Rev. November 2015 (General)

right, at trial, to confront and cross-examine adverse witnesses; 5) the right to present evidence and to compel the attendance of witnesses; and 6) the right not to testify or present evidence without having that held against the defendant.  If the court accepts the defendant's guilty plea, there will be no trial.

## III.   NATURE OF THE CHARGES

**A.   Elements of the Crime.**  The elements of the hate crime, 18 U.S.C. § 249, as charged in count one, are as follows:

1.   The defendant willfully caused bodily injury to S.N.;

2.   The defendant acted because of the actual or perceived sexual orientation of S.N.;

3.   The defendant used a channel, facility, or instrumentality of interstate commerce in connection with the conduct described in the first two elements; and

4.   The offense resulted in S.N.'s death.

**B.   Factual Basis.**  If this matter were to proceed to trial, the government and the defendant agree that the following facts are true and would be proven beyond a reasonable doubt:

On April 29, 2016, the defendant, Kelly Schneider, assaulted S.N., a gay man, because S.N. was gay, resulting in S.N.'s death.  On the evening of April 27, 2016, the defendant posted a solicitation for sex on backpage.com, an Internet website, which included a shirtless photo of himself.  S.N. responded to that posting, and the defendant met with him that evening.  The defendant took S.N.'s money without engaging in any sexual act with S.N.  Before the encounter, the defendant told his friends that he was not gay and would not let anyone who was gay touch him.

Later that same evening, the defendant, using his phone, resumed communication with S.N.  The defendant then conspired with other individuals to rob S.N.  According to the plan, the

**Plea Agreement**                                2                        Rev. November 2015 (General)

defendant was to meet up with S.N. at the local Wal-Mart parking lot and ask S.N. to drive to Gott's Point, an isolated wildlife area, for a sexual encounter.  At Gott's Point, the defendant would rob S.N., and two of the defendant's cohorts would be lying in wait as "back up" to assist the defendant if S.N. resisted the robbery.

The defendant and his cohorts executed the first part of the plan, but when the defendant and S.N. got to Gott's Point, the defendant immediately began physically assaulting S.N.  While shod in steel-toed boots, the defendant kicked S.N. 20 to 30 times, repeatedly saying, "Did you think I would fucking do this, you fag?"

Throughout the attack, S.N. never resisted.  In fact, S.N. volunteered his ATM number several times, and said, "Please don't kill me.  Take whatever you want."  Because S.N. was not resisting the defendant, the defendant's cohorts did not use any force against S.N.; only the defendant assaulted S.N.

After the beating, the defendant removed S.N.'s clothing and drove off in S.N.'s car.  S.N. died of his injuries later that day.

## IV.   SENTENCING FACTORS

**A.     Penalties.**  A violation of a hate crime, 18 U.S.C § 249, as charged in count one, is punishable by:

1. a maximum term of life;

2. a term of supervised release of not more than 5 years;

3. a maximum fine of $250,000, and a special assessment of $100.

**B.     Supervised Release.**  The court may impose a period of supervised release.  No agreement exists as to the length of supervised release.

The law permits the combined prison time and term of supervised release to exceed the maximum term of incarceration for the crime to which the defendant is pleading guilty.  Violation of any condition of supervised release may result in further penalties and/or prosecution.

      **C.**      **Fines and Costs.**  The court may impose a fine.  No agreement exists as to the amount of the fine.  The court may also order the defendant to pay the costs of imprisonment, probation, and supervised release.

      **D.**      **Special Assessment.**  The defendant will pay the special assessment(s) before sentencing and will furnish a receipt at sentencing.  Payment will be made to:

> The United States District Court, Clerk's Office
> Federal Building and United States Courthouse
> 550 West Fort Street, Fourth Floor
> Boise, Idaho 83724.

      **E.**      **Restitution.**  In addition to any forfeiture, fine, or costs imposed, the defendant agrees to pay restitution equal to the loss caused to any victim of the charged offense pursuant to any applicable statute.  The defendant agrees that all monetary penalties imposed by the court, including restitution, will be due immediately and subject to immediate enforcement by the government.  The defendant agrees that any payment schedule or plan set by the court is merely a minimum schedule of payments and neither the only method, nor a limitation on the methods, available to the government to enforce the judgment, unless the court specifically states otherwise.  The defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor in considering whether the defendant has accepted responsibility under the United States sentencing guidelines ("USSG") § 3E1.1.

## V.      UNITED STATES SENTENCING GUIDELINES

      **A.**      **Application of Sentencing Guidelines.**  The court must consider the USSG in determining an appropriate sentence under 18 U.S.C. § 3553.  The defendant agrees that the court may consider "relevant conduct" in determining a sentence pursuant to USSG § 1B1.3.

The court is not a party to this agreement. The agreement does not bind the court's determination of the USSG range. The court will identify the factors that will determine the sentencing range under the USSG. While the court may take the defendant's cooperation, if any, and the recommendations of the parties into account, the court has complete discretion to impose any lawful sentence, including the maximum sentence possible.

Recognizing that the court is not bound by this agreement, the parties agree to the recommendations and requests set forth below.

**B.    Sentencing Guidelines Recommendations and Requests.**

1.    **Government's statements at sentencing.**  The government reserves the right to fully allocute at sentencing regarding any sentencing recommendation and to rely on any information in support of its recommendation regardless of whether the information is contained in the plea agreement or the presentence report.

2.    **Acceptance of Responsibility.**  If the defendant clearly accepts responsibility for the offense, the defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under USSG § 3E1.1(a).  The government will move for an additional one-level reduction in the combined offense level under § 3E1.1(b) if the following conditions are met: (1) the defendant qualifies for a decrease under § 3E1.1(a); (2) the offense is level 16 or greater; (3) the defendant has timely notified authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently; and (4) the defendant has not taken any actions or made any statements inconsistent with acceptance of responsibility.  If, before sentence is imposed, the defendant fails to meet the criteria set out in USSG § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the government will withdraw or decline to make such a recommendation.

3.     **Government Recommendations**.  The United States agrees to recommend that a sentence of 28 years, or 336 months, is reasonable and is sufficient but not greater than necessary.  The United States further agrees to recommend that the defendant's sentence should run concurrently to any sentence that might be imposed, either before or after the federal sentence is imposed, in *State v. Schneider*, case no. CR2016-08627, currently pending in Third Judicial District Court, Canyon County, Idaho.  The defendant is not bound by this recommendation and may make any recommendation he believes is appropriate, subject to the limitation in paragraph 5 below.

4.     **Stipulation Regarding Sentencing Guidelines.**  The defendant understands that the USSG apply in an advisory manner and are not binding on the court.

5.     **Downward Departure or Variance Request by defendant.**  Unless otherwise specified in this paragraph, the defendant will not seek a downward departure or variance under 18 U.S.C. § 3553(a) unless he provides the United States with notice and the reasons therefor no less than 21 days before sentencing.

## VI.   WAIVER OF RIGHT TO DIRECT APPEAL AND TO COLLATERAL ATTACK UNDER 28 U.S.C. § 2255

A.     **Waiver:**  In exchange for this agreement, and except as provided in subparagraph B, the defendant waives any right to appeal or collaterally attack the entry of plea, the conviction, the entry of judgment, and the sentence, including forfeiture and restitution.

The defendant acknowledges that this waiver shall result in the dismissal of any direct appeal or collateral attack the defendant might file seeking to challenge the plea, conviction or sentence in this case.  Further, the filing of such an appeal or collateral attack will breach this agreement and will allow the government to withdraw from the agreement and take other remedial action.

If the defendant believes the government has not fulfilled its obligations under this agreement, the defendant will object at the time of sentencing; further objections are waived.

**B.      Exceptions:**

1.      **Direct Appeal:**  Notwithstanding subparagraph A, the defendant shall retain the right to file one direct appeal if one of the following unusual circumstances occurs:

a.      the sentence imposed by the court exceeds the statutory maximum;

b.      the court arrived at an advisory USSG range by applying an upward departure under chapter 5K of the USSG; or

c.      the court imposed a sentence in excess of the 336 months the government agreed to recommend.

The defendant understands that the above circumstances occur rarely and that, in most cases, this agreement completely waives all appellate rights.

2.      **Motion Under 28 U.S.C. § 2255:**  Notwithstanding subparagraph A, the defendant shall retain the right to file a 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel.

## VII.   PROVIDING INFORMATION FOR THE PRESENTENCE REPORT

The defendant agrees to provide material financial and other information requested by a representative of the United States probation office for use in preparing a presentence report. Failure to execute releases and provide information for the presentence report violates this agreement and relieves the government of its obligations in this agreement.  Such failure and response by the government will not, however, constitute grounds for withdrawing the plea of guilty unless the government so requests.  Providing materially false information will subject the defendant to additional penalties, including an enhancement under USSG § 3C1.1.

## VIII.  DISCLOSING FINANCIAL INFORMATION

The defendant agrees to disclose all of the defendant's assets and sources of income to the government, including all assets over which the defendant exercises or exercised direct or indirect control, or in which the defendant has had any financial interest.  The defendant also agrees to cooperate in obtaining any records relating to ownership of assets when sought by the government.  The defendant agrees truthfully to complete a personal financial statement within fourteen days from the date the defendant signs this agreement.  If the government provides a financial statement to be completed, the defendant agrees to complete the financial statement truthfully and accurately within fourteen days from the date the defendant signs this agreement or the date the financial statement is provided to the defendant or counsel, whichever is later.  The defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances. The failure timely and accurately to complete, sign, and update the financial statements, as required herein, may constitute failure to accept responsibility under USSG § 3E1.1, as well as other things.

The defendant authorizes the government: (a) to obtain a credit report on the defendant; (b) to inspect and copy all financial documents and information held by the United States probation office; and (c) to obtain financial records related to the defendant.

Before sentencing, defendant agrees not to dissipate any assets without the consent of both the government's financial litigation unit and the asset forfeiture unit.  If any assets are sold, any sale proceeds received from sale of assets will be deposited with the clerk and, upon sentencing, paid toward any monetary penalties due as ordered in the judgment.

## IX.    NO RIGHT TO WITHDRAW PLEA

The defendant understands that the court may not follow the recommendations or requests made by the parties at the time of sentencing. The defendant cannot withdraw from this agreement or the guilty plea, regardless of the court's actions.

## X.   CONSEQUENCES OF VIOLATING AGREEMENT

**A.   Government's Options.** If the defendant fails to keep any promise in this agreement or commits a new crime, the government is relieved of any obligation:  1) to make a sentencing recommendation consistent with the terms promised in this agreement; and 2) not to prosecute the defendant on other charges, including charges not pursued due to this agreement. Such charges may be brought without prior notice.  In addition, if the government determines after sentence is imposed that the defendant's breach of the agreement warrants further prosecution, the government may choose between letting the conviction(s) under this agreement stand or vacating such conviction(s) so that such charge(s) may be re-prosecuted.  If the government determines before sentencing that a breach warrants prosecution, it may withdraw from the agreement in its entirety.

The government's election to pursue any of the above options cannot be a basis for the defendant to withdraw the guilty plea(s) made pursuant to this agreement.

**B.   Defendant's Waiver of Rights.** If the defendant fails to keep any promise made in this agreement, the defendant gives up the right not to be placed twice in jeopardy for the offense(s) to which the defendant entered a plea of guilty or which were dismissed under this agreement.  In addition, for any charge that is brought as a result of the defendant's failure to keep this agreement, the defendant gives up: (1) any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner; and (2) the right to be charged within the applicable statute of limitations period if the statute of limitations has expired.

## XI.   MISCELLANEOUS

**Plea Agreement**                                        9

**A.      No Other Terms.**  This agreement is the complete understanding between the parties, and no other promises have been made by the government to the defendant or to the attorney for the defendant.  This agreement does not prevent any governmental agency from pursuing civil or administrative actions against the defendant or any property.  Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this agreement does not bind or obligate governmental entities other than those specified as the government in this agreement (i.e., the United States Attorney's Office for the District of Idaho and the Civil Rights Division).  The government will bring the defendant's cooperation and pleas to the attention of other prosecuting authorities at the request of defendant or his counsel.

**B.      Plea Agreement Acceptance Deadline.**  This plea offer is explicitly conditioned on the defendant's notification of acceptance of this agreement no later than 5:00 p.m. on Friday, January 27, 2016.

**C.      Risk of Removal from the United States.**  The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty.  Removal and other immigration consequences are the subject of a separate proceeding, however.  While arguments may be made in such a proceeding, it is virtually certain that defendant will be removed from the United States.  The defendant nevertheless affirms that the defendant wants to plead guilty.

## XII.    UNITED STATES' APPROVAL

I have reviewed this matter and the agreement.  This agreement constitutes a formal plea offer from the government.  Any oral discussions with the defendant and defense counsel about a plea do not constitute a plea offer.  Any written offer or agreement made before this agreement is no longer a valid offer by the government and is rescinded.  I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.


Wendy J. Olson
United States Attorney

1/24/2017
Date


AeJean ("Angie") Cha
Trial Attorney
Civil Rights Division
Criminal Section

1/24/2017
Date


## XIII.    ACCEPTANCE BY DEFENDANT AND COUNSEL

I, Kelly Schneider, have read and carefully reviewed every part of this agreement with my attorney.  I understand the agreement and its effect upon my potential sentence.  Furthermore, I have discussed all of my rights with my attorney and I understand those rights.  No other promises or inducements have been made to me, directly or indirectly, by any agent of the government, including any Assistant United States Attorney, concerning the plea to be entered in this case.  I understand that this agreement constitutes a formal plea offer from the government. Any oral discussions between the government and me or my counsel about a plea do not constitute a plea offer.  Any written offer or agreement made before this agreement is no longer a valid offer by the government and is rescinded.  In addition, no one has threatened or coerced me

**Plea Agreement**                                     11                          Rev. November 2015 (General)

to do, or to refrain from doing, anything in connection with this case, including enter a guilty plea. I understand that, if I am not a citizen or naturalized citizen of the United States, by pleading guilty in this case it is virtually certain that I will be removed from the United States. I am satisfied with my attorney's advice and representation in this case.

_Kelly Schneider_                         _1-4-17_
Kelly Schneider                              Date
Defendant

     I have read this agreement and have discussed the contents of the agreement with my client. The agreement accurately sets forth the entirety of the agreement. I have conveyed all written offers from the government to the defendant pursuant to *Missouri v. Frye*, 132 S. Ct. 1399, 1408-09 (2012). I understand that this agreement constitutes a formal plea offer from the government. Any oral discussions between the government and me or my client about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer a valid offer by the government and is rescinded. I have discussed with my client the fact that if my client is not a citizen or naturalized citizen of the United States, by pleading guilty in this case, it is virtually certain that my client will be removed from the United States. I concur in my client's decision to plead guilty as set forth above.

_S. Richard Rubin_                        _1/4/2017_
S. Richard Rubin                             Date
Attorney for the defendant